154

Primary Election Case.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward H. P. Fronefield,* County Solicitor, and *Robert E. Porter,* Assistant County Solicitor, for county board, appellant.

*Joseph W. deFuria,* for citizens' committee, appellee.

*William A. Welsh,* appellant, in propria persona.

OPINION BY MR. JUSTICE EAGEN, May 16, 1963:
Albert H. Swing and William A. Welsh, presently serving as county commissioners of Delaware County,

Pa., and whose term of office expires on the first Monday of January, 1964, are candidates for nomination in the coming primary election on May 21, 1963. Under the provisions of the Act of June 3, 1937, P. L. 1333, §301, 25 P.S. §2641, the county commissioners of each county in the Commonwealth are specifically designated and directed to serve as the County Board of Elections and to perform all duties imposed in said tribunal subject to the proviso hereinafter discussed. On May 7, 1963, the Court of Common Pleas of Delaware County, upon the filing and consideration of a petition by the representatives of a citizens' committee, entered an order designating three members of said court to act as the County Board of Elections and "to act in all matters pertaining to said primary election to be held on May 21, 1963, and for the purposes thereof, to have all rights, duties and obligations of the County Board of Elections of Delaware County."

We construe this order to be effective as of the date it was filed. This order exceeded the scope of the court's legal authority. The court's power under the circumstances presented is purely statutory. The Act of January 14, 1952, P. L. (1951) 1936, §1, as amended, 25 P.S. §3153, provides that if any member of the county election board is a candidate for nomination or election to public office that he is disqualified from acting as a member of said board for the purpose of computing and canvassing the returns of the election in which he is involved. The Act further provides that if a majority of the members of said board are disqualified then two or more members of the court of common pleas shall be designated to serve *as the Return Board for the computation and canvassing of the vote.*

There is no authority giving the court the power to supersede the statutorily designated members of the county election board except under the circumstances and for the purposes specifically stated above. There-

**156**

fore, the court below had the limited power to appoint two or more members of said court for the purposes of serving as a Return Board to compute and canvass the returns of the elections. This is not to be construed as impinging in any manner upon the duties and responsibilities given to the court itself by the Pennsylvania Election Code, specifically the Act of June 19, 1939, P. L. 449, §1, as amended, 25 P.S. §3046.

As modified, the order of the court below is affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent and would affirm the Order of the lower Court. In the absence of any Constitutional or Statutory prohibition, restriction or limitation, express or clearly implied, Courts have broad inherent power as well as a duty to protect the public welfare and safeguard the public interest. Outstanding examples of this inherent Judicial power can be found in *Baker v. Carr*, 369 U.S. 186, and in recent decisions of the Supreme Court of the United States and of the Federal Courts in the field of education, in civil rights, and in the protection of the fundamental basic right to vote in a free and fair election.

When a majority of the County Board of Elections are themselves candidates for nomination to public office, the public interest demands, in my judgment, that they be disqualified from acting in election matters *in a position or capacity that will enable* them to take an unfair advantage of their opponents. In such a situation, the Court of Common Pleas has inherent power in the public interest to prescribe appropriate Orders or regulations in order to insure the conduct of a free and fair election which of course includes but is not limited to the computation and canvassing of the vote.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I join in the dissenting opinion of the Chief Justice and herewith dissent from the majority's modification and limitation of the order of the court below. The majority too narrowly and unrealistically construe the provisions and purposes of the Pennsylvania Election Code and fail to give adequate consideration to the necessity for an atmosphere of unquestioned fairness and impartiality in the conduct of elections. It is difficult to conceive why the majority would restrict the order below and thereby permit a situation which even suggests impropriety or unfairness in the election process.

It is even more difficult to understand why public officials seeking re-election would contribute to such a suggestion by opposing the court's appointment of an impartial Election Board to act in matters pertaining to the election in which these officials themselves are candidates. I would therefore affirm the order of the lower court as entered.